**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MANUEL VON RIBBECK,<br>　　　Plaintiff,<br><br>　　　v.<br><br>CHRISTINE NEGRONI,<br>　　　Defendant. | No. 3:23-cv-308 (SRU) |

**ORDER ON MOTION TO DISMISS**

Manuel Von Ribbeck ("Von Ribbeck") brings this lawsuit against Christine Negroni ("Negroni"), alleging defamation per se and tortious interference with prospective contractual relations. *See* Compl., Doc. No. 1. Negroni moves to dismiss the entire complaint on the grounds that both of Von Ribbeck's claims are barred by the applicable statutes of limitations. *See* Mot. to Dismiss, Doc. No. 22. For the reasons that follow, Von Ribbeck's complaint is dismissed.

**I.    Background**

The following facts are primarily taken from Von Ribbeck's complaint. Von Ribbeck is an Illinois-based aviation lawyer who represents airplane crash victims and their families. Doc. No. 1, at ¶ 5. Negroni is a journalist and blogger who specializes in aviation and travel, *see* doc. no. 22-1, at 1, and a resident of Connecticut. Doc. No. 1, at ¶ 7. On December 17, 2018, Negroni published a blog post on her website that detailed Von Ribbeck's background, including his involvement in litigation regarding the 2018 crash of Lion Air Flight 610, as well as allegations of sexual violence against him. *Id.* at ¶ 26. The blog post alleged that Von Ribbeck was engaged in a "bait-and-switch operation" in which he would not try the Lion Air crash cases himself but would instead sell them to other law firms. *Id.* Von Ribbeck's complaint also mentions other blog posts and tweets that Negroni allegedly published about him and his law firm, but the

complaint is clear that the December 17, 2018 blog post "is the subject of th[e] lawsuit." *Id.* at ¶ 11.

On December 21, 2018, Von Ribbeck filed a complaint against Negroni in Illinois state court. *See* Ex. 1 to Pl.'s Resp., Doc. No. 26-1. That original complaint asserted the exact same causes of action against Negroni, i.e., defamation and tortious interference, for harms allegedly suffered due to Negroni's December 17, 2018 blog post. *Id.* That complaint was removed to the United States District Court for the Northern District of Illinois on February 15, 2019, and was eventually dismissed for lack of personal jurisdiction on March 17, 2022. *See* Ex. B to Mot. to Dismiss, Doc. No. 22-3.

Almost one year later, on March 8, 2023, Von Ribbeck filed his complaint in this court, asserting diversity jurisdiction. Compl., Doc. No. 1. After an extension of time, Negroni filed her motion to dismiss on May 10, 2023. Mot. to Dismiss, Doc. No. 22. Von Ribbeck failed to timely respond to Negroni's motion, and on August 21, 2023 I ordered him to file an opposition by September 11, 2023 or else I would grant the motion to dismiss as unopposed. *See* Order, Doc. No. 24. *See also* Mem. in Supp. of Mot. to Dismiss, Doc. No. 23. On September 11, 2023, Von Ribbeck filed his response.

## II.     Standard of Review

A motion to dismiss on statute of limitations grounds arises under Federal Rule of Civil Procedure 12(b)(6). *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (quotation marks omitted).

### III.  Discussion

Negroni moved to dismiss both of Von Ribbeck's claims on statute of limitations grounds. *See generally* Doc. No. 22. Because both claims arise under state common law, I must look to state law to determine the applicable limitations periods. *See Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 709-10 (2d Cir. 2002) ("[I]t is well established that in diversity cases state law governs not only the limitations period but also the commencement of the limitations period" because "[a] state's rules providing for the start and length of the statute of limitations [are]

3

substantive law.") (citing *Ragan v. Merchs. Transfer & Warehouse Co.*, 337 U.S. 530, 533 (1949) and *Guar. Trust Co. v. York*, 326 U.S. 99, 109–10 (1945)). Under Connecticut law, Von Ribbeck's first claim, for defamation, must be brought "within two years from the date of the act complained of." Conn. Gen. Stat. § 52-597. His second claim, for tortious interference with prospective contractual relations, is an an intentional tort and therefore cannot be "brought but within three years from the date of the act or omission complained of." Conn. Gen. Stat. § 52-577. *See also Doe #2 v. Rackliffe,* 337 Conn. 627, 634 (2020) ("[T]he general rule in Connecticut is that intentional torts, unless subject to a specialized statute of limitations, are governed by the three year statute of limitations in § 52-577"); Compl., Doc. No. 1, at ¶ 50 ("Negroni's conduct is intentional. . . .").

As a preliminary matter, "[a]lthough the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, n.12 (2d Cir. 2014). Such a motion is "appropriate if the dates in question are undisputed." *Pinkston v. Connecticut*, No. 2009 WL 2852907, at *2 (D. Conn. Sept. 2, 2009). *See also Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.").

Here, Negroni's motion to dismiss on statute of limitations grounds is proper because the dates that are relevant to that defense are clearly set forth on the face of Von Ribbeck's complaint. Von Ribbeck states that "Exhibit 1," a blog post published by Negroni on December 17, 2018 "is the subject of this lawsuit." Compl., Doc. No. 1, at ¶ 11. *See also id.* at ¶ 26 ("On December 17, 2018, Negroni published in her blog certain defamatory statements about Manuel

4

(Exhibit 1). . . ."). For purposes of determining the timeliness of both of Von Ribbeck's claims, December 17, 2018 is therefore the only relevant date, because the limitations period for both claims is triggered by the "act complained of," not the date of the plaintiff's injury. Conn. Gen. Stat. §§ 52-577, 52-597. *See also Cweklinsky v. Mobil Chem. Co.,* 267 Conn. 210, 224 (2004) ("The statute of limitations for a defamation claim begins on the date of publication"); *Collum v. Chapin*, 40 Conn. App. 449, 451 (1996) ("Section 52–577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs[,]" and therefore "the only facts material to the trial court's decision on a [dispositive motion] are the date of the wrongful conduct alleged in the complaint and the date the action was filed.") (internal citations omitted); *Flannery v. Singer Asset Finance Company, LLC*, 312 Conn. 286, 311 (2014) ("with occurrence statutes, the limitations periods typically begins to run as of the date the complained of conduct occurs, and not the date when the plaintiff first discovers his injury").

Von Ribbeck's complaint was filed on March 8, 2023, over four years after the date Negroni published the statements that give rise to his two claims. *See generally* Doc. No. 1. Therefore, because the statute of limitations for Von Ribbeck's claims are two and three years, respectively, from the date of the statements were made, it appears from the face of the complaint that both of Von Ribbeck's claims are untimely. However, Von Ribbeck argues that the statute of limitations on both claims should be equitably tolled because he originally filed a similar complaint, asserting the same claims based on the same factual allegations, in Illinois. *See* Pl.'s Resp., Doc. No. 26, at 3-4; Ex. 1, Doc. No. 26-1. That complaint was filed in Illinois state court, removed to the Northern District of Illinois, and eventually dismissed for lack of personal jurisdiction on March 17, 2022. *See id.;* Ex. 3, Doc. No. 26-3. But, as Negroni points

5

out in her reply, *see* doc. no. 27, at 4, Von Ribbeck only cites federal caselaw analyzing the *federal* equitable tolling standard in support of his argument that this Court should equitably toll the limitations period on his *state law* claims. Doc. No. 26, at 3 (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8 (2d Cir. 1996); *Heck v. Humphrey*, 997 F.2d 355, 356 (7th Cir. 1993); and *Jardine v. Yamada & Sons, Inc.*, 2022 WL 2481610 (D. Nev. July 1, 2022)).

In diversity cases, "state statutes of limitations govern the timeliness of state law claims, and state law determines the related questions of what events serve to commence an action and to toll the statute of limitations." *Diffley v. Allied-Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990) (internal citations omitted). *See also Schermerhorn v. Metro. Transp. Auth.*, 156 F.3d 351, 354 (2d Cir. 1998) ("[Plaintiffs'] claim . . . is governed by state law. We therefore look to state-law tolling rules to determine whether the statute of limitations was tolled. . . ."). The same principle applies to the decision whether to apply state or federal *equitable* tolling principles. "Since statutes of limitations have substantive effects on cases, as opposed to being purely procedural, the Court must apply state statutes of limitations to [claims] based on state law. . . . As the doctrines of equitable tolling would affect the relevant statutes of limitations, state law of equitable tolling should govern the state claims." *Meridien Int'l Bank Ltd. v. Gov't of the Republic of Liberia*, 23 F. Supp. 2d 439, 445-56 (S.D.N.Y. 1998). *See also Sellers v. First Student, Inc.*, 2016 WL 7493953, at *4 (D. Conn. Dec. 30, 2016) ("[E]quitable tolling of state law claims is an issue of state law.") (citing *Hughes v. Equity Office Props. Tr.*, 245 F. App'x 88, 90 (2d Cir. 2007)).

Connecticut law does not permit equitable tolling of the statutes of limitations for either of Von Ribbeck's claims. As stated above, the limitations period for Von Ribbeck's tortious interference claim comes from Section 52-577 of the Connecticut General Statutes, which,

because it calculates the timeliness of a claim from the date of the wrongful conduct and not from the date of the plaintiff's injury, courts have explicitly held is "a statute of repose not susceptible to equitable tolling." *Gerena v. Korb*, 617 F.3d 197, 206 (2d Cir. 2010). *See also Carter v. Univ. of Connecticut,* 2006 WL 2130730, at *3 (D. Conn. July 28, 2006), *aff'd,* 264 F. App'x 111 (2d Cir. 2008) ("Section 52–577 of the Connecticut General Statutes . . . has apparently never been held by an appellate court of Connecticut to be subject to the doctrine of equitable tolling. Instead, section 52–577 has been labeled a statute of repose."); *Saperstein v. Danbury Hosp.*, 2010 WL 760402, at *13 (Conn. Super. Ct. Jan. 27, 2010) ("[T]he law is well established that equitable tolling does not apply to statutes of repose."). Because "statutes of repose effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time," they generally are considered "inconsistent with tolling," unlike statutes of limitation, which "are designed to encourage plaintiffs to pursue diligent prosecution of known claims." *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014) (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991)).

The limitations period for Von Ribbeck's defamation claim is found in Section 52-597 of the Connecticut General Statutes. As has been observed in prior cases and remains true today, "[plaintiff] cites no cases in which courts equitably toll the statute of limitations set out in Section 52-597 . . . and the court is not aware of any." *Sellers v. First Student, Inc.*, 2016 WL 7493953, at *5 (D. Conn. Dec. 30, 2016). Similar to Section 52-77, Section 52-597 may also be described as a statute of repose. As Negroni observes, the language of Section 52-597, stating that the limitation period runs "from the date of the act complained of," mirrors the language of Section 52-577. *See* Doc. No. 27, at 4; Conn. Gen. Stat. §§ 52-577, 52-597. That language also mirrors a portion of Section 52-584 of the Connecticut General Statutes, the statute setting the

limitations period for negligence actions in Connecticut, which states that "no such action may be brought more than three years from the date of the act or omission complained of" and has consistently been referred to as the "repose section" of that statute. *See Witt v. St. Vincent's Med. Ctr.*, 252 Conn. 363, n.5 (2000). Moreover, at least one Connecticut Superior Court decision has explicitly referred to Section 52-597 as a statute of repose. *See Carney v. Amendola,* 2014 WL 2853836, at *16 (Conn. Super. Ct. May 14, 2014) ("any claim of defamation . . . falls afoul of the two-year repose period in § 52-597."). And fundamentally, because Section 52-597's limitations period is calculated from the date of the alleged wrongful conduct rather than the date of the plaintiff's injury, it fits the general definition of a statute of repose. *See Baxter v. Sturm, Ruger & Co.,* 230 Conn. 335, 341 (1994) ("While statutes of limitation are sometimes called 'statutes of repose,' the former bars right of action unless it is filed within a specified period of time after injury occurs, while statutes of repose terminate any right of action after a specific time has elapsed, regardless of whether there has as yet been an injury.") (quoting Black's Law Dictionary (6th ed. 1990)). Therefore, I conclude that Von Ribbeck's claim for defamation is also subject to a statute of repose that may not be equitably tolled under Connecticut law.

Von Ribbeck also argues that Connecticut's accidental failure statute of suit statute, Section 52-592 of the Connecticut General Statutes, saves his claims. *See* Doc. No. 26, at 4-6. That statute states, in part, that a plaintiff may commence a new action if a previous action "has been dismissed for want of jurisdiction." Conn. Gen. Stat. § 52-292(a). But subsection (d) of that same statute limits the actions to which "[t]he provisions of [that] section shall apply" to "any action between the same parties or the legal representatives of either of them for the same cause of action or subject of action brought to any court in this state, . . . and [] any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed

without trial upon its merits or because of lack of jurisdiction in such court." *Id.* § 52-592(d). The Connecticut Appellate Court has clearly held that, "[t]he applicability of General Statutes § 52–592, construed according to its plain and ordinary meaning, hinges on the parties bringing the action initially within a state or federal court *in this state*." *Lippmann v. Rashkoff*, 32 Conn. App. 187, 189 (1993) (emphasis added). *See also Macamaux v. Day Kimball Hosp.,* 702 F. Supp. 2d 25, 31 (D. Conn. 2010) ("Connecticut courts have determined that the accidental failure of suit statute does not apply to a case that a plaintiff files in a foreign jurisdiction."). In this case, as was the case in *Lippmann*, the plaintiff did not file his original complaint in a state or federal court in Connecticut. *See* Ex. 1 to Pl.'s Resp., Doc. No. 26-1. Because rulings from the Appellate Court are a "a basis for ascertaining state law which is not to be disregarded by a federal court," I therefore must reach the same conclusion as the court in *Lippmann* did, which is that the accidental failure of suit statute does not apply to Von Ribbeck's complaint. *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005) (internal citations omitted).

In the absence of any authority, equitable or statutory, to toll the statutes of limitations applicable to Von Ribbeck's claims, they are undeniably barred by those limitations periods. Von Ribbeck failed to file a timely complaint in a court with jurisdiction over the defendant. Though Von Ribbeck "might find the result harsh, the harshness is largely a self-inflicted wound." *Johnson v. Nyack Hosp.*, 86 F.3d 8 (2d Cir. 1996) (cleaned up).

### IV.   Conclusion

For the reasons described above, Negroni's motion to dismiss, doc. no. 22, is **granted**, and Von Ribbeck's complaint is dismissed with prejudice. The clerk is instructed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 25th day of March 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge